IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. DKC 15-0317-3 |
| GEORGE EARL GEE | : | |

**MEMORANDUM OPINION AND ORDER**

George Earl Gee is currently serving a 216-month sentence for his conviction for conspiracy to distribute and possess with intent to distribute controlled substances.  He has filed motions seeking a reduction of his sentence pursuant to Section 404 of the First Step Act (ECF No. 683), for compassionate release (ECF No. 684), and for the appointment of counsel (ECF No. 682).[1]  For the following reasons, the motions will be denied.

There is, of course, no constitutional right to counsel in post-conviction proceedings, although the court may appoint counsel for an indigent petitioner in appropriate circumstances.  At this juncture, appointment of counsel is not appropriate.  Mr. Gee is able to articulate the facts and grounds for relief in the instant matter without notable difficulty.

Mr. Gee was sentenced initially on March 27, 2017.  The Fair Sentencing Act of 2010 had been signed into law on August 3, 2010.

---

[1] Other pending motions will be resolved separately.

It did not apply to those sentenced before its effective date. The First Step Act was adopted in 2018, and provides that, notwithstanding *Dorsey v. United States*, 567 U.S. 260 (2102), certain persons may seek a retroactively reduced sentence. Section 404(b) provides: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(a) defines a "covered offense" as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010. Because Mr. Gee was sentenced after the enactment of the Fair Sentencing Act was incorporated into the Sentencing Guidelines and thus applied to his sentence, he is not entitled to a sentence reduction.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

2

> The court may not modify a term of imprisonment once it has been imposed except that:
> (1) in any case that—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> *   *   *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Mr. Gee relates that he has high blood pressure and a "cholesterol problem." Additionally, he tore his ACL while playing soccer in 2018 and, at the time the motion was filed, he was in the Butner Federal Medical Center awaiting surgery. He requests home confinement and states that he's concerned he'll contract the COVID-19 virus. He alleges he fits "all the criteria" and has a current release date in 2030. (ECF No. 684).

While all share the concern over the public health challenges caused by COVID-19, and appreciate the heightened anxiety

3

experienced by those incarcerated in correctional facilities, the generalized and unspecific reasons stated by Mr. Gee do not satisfy the standard for compassionate release.  *See, e.g., United States v. Hood*, 2020 WL 2091070 (W.D.N.C. April 30, 2020) ("Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, . . . Defendant has not shown that 'extraordinary and compelling reasons' warrant his release.")  As pointed out by others, the BOP has instituted enhanced health and safety regulations to combat the spread of the disease.  See also, *United States v. Humphries*, 2020 WL 2331247 (W.D.N.C. May 11, 2020) ("[T]he mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release.  As the Court of Appeals for the Third Circuit recently noted, 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'") (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Mr. Gee provides no other specific reasons to support his request for compassionate release and no evidence that he's exhausted his administrative remedies, i.e., that his request was first submitted to and denied by the Warden.

4

Accordingly, it is this 10th day of July, 2020, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The motion to modify/reduce sentence under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act, enacted by Congress and signed into federal law on December 21, 2018, by President Trump making the provisions of the Fair Sentencing Act retroactive to all defendants sentenced under crack offense filed by George Earl Gee (ECF No. 683) BE, and the same hereby IS, DENIED.

2. The motion for compassionate release (ECF No. 684) BE, and the same hereby IS, DENIED;

3. The motion for the appointment of counsel (ECF No. 682) BE, and the same hereby IS, DENIED; and

4. The clerk IS DIRECTED to mail a copy of this Memorandum and Order to Mr. Gee and to transmit same to counsel of record.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge